# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

|  |  |
|---|---|
| **WHITNEY BANK,** | * |
| | * |
| *Plaintiff* | * **CIVIL ACTION NO. 6:16-cv-01427** |
| | * |
| | * |
| **VERSUS** | * |
| | * |
| **SMI COMPANIES GLOBAL, INC. and** | * |
| **VAUGHN S. LANE,** | * |
| | * |
| *Defendants* | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR COLLECTION OF PROMISSORY NOTES AND RELATED GUARANTY AND FOR RECOGNITION OF SECURITY INTERESTS

The complaint of Plaintiff, Whitney Bank ("**Plaintiff**" or "**Whitney Bank**"), respectfully states:

### 1.

Plaintiff is a Mississippi state chartered bank, formerly known as Hancock Bank, a Mississippi state chartered bank, successor by merger to Whitney Bank, a Louisiana state chartered bank, formerly known as Hancock Bank of Louisiana, successor by merger to Whitney National Bank.

### 2.

Named as Defendants in this action are:

A.    SMI Companies Global, Inc., a corporation formed under the laws of the State of Louisiana and having its principal place of business in the State of Louisiana, hereafter sometimes referred to as "**SMI**"; and

4521030_2

B.     Vaughn S. Lane, a resident and domiciliary of the State of Louisiana, hereafter sometimes referred to as "**Lane**".

SMI and Lane are hereafter sometimes collectively referred to as the "**Obligors**".

3.

As further explained below, this lawsuit seeks money judgments against the Obligors for certain indebtedness evidenced by two promissory notes executed by SMI and guaranteed by Lane, and for recognition of Whitney Bank's security interests in certain SMI assets.

**JURISDICTION AND VENUE**

4.

Plaintiff, Whitney Bank, is a bank chartered under the laws of the State of Mississippi. Whitney Bank's principal place of business is the City of Gulfport, County of Harrison, State of Mississippi.  Thus Whitney Bank is deemed to be a citizen of the State of Mississippi.

5.

Defendant, SMI, is incorporated under the laws of the State of Louisiana and has its principal place of business in the State of Louisiana.  Thus SMI is deemed to be a citizen of the State of Louisiana.

6.

Defendant, Lane, is domiciled and resides in the State of Louisiana.  Thus Lane is a citizen of the State of Louisiana.

7.

The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8.

For purposes of diversity jurisdiction, (a) Whitney Bank's citizenship is deemed to be the State of Mississippi, (b) SMI's citizenship is the State of Louisiana and (c) Lane's citizenship is the State of Louisiana.  The citizenship of Whitney Bank is diverse from the citizenship of SMI and the citizenship of Lane.  Consequently, diversity jurisdiction for this action exists in this Court pursuant to 28 U.S.C. § 1332(a)(1).

9.

This action involves the collection of indebtedness owed by and now due from SMI to Whitney Bank (the "**SMI Indebtedness**"), including but not limited to the indebtedness evidenced and represented by the SMI Promissory Notes (defined below).  Lane provided the Lane Guaranty (defined below) which made him liable *in solido* (*i.e.*, jointly and severally) with SMI to Whitney Bank for the SMI Indebtedness.

10.

The SMI Indebtedness was incurred in connection with, and to benefit, *inter alia* SMI's business operations located at 1456 La. Hwy. 317, Franklin, Louisiana  70538, which location is within the territorial limits of the Western District of Louisiana.  SMI is an entity with the capacity to sue and be sued in its common name and is subject to this Court's personal jurisdiction with respect to the civil action in question.

11.

Lane and SMI are both residents of the State of Louisiana in which the Western District of Louisiana is located.

12.

Consequently, venue is proper in this Court under 28 U.S.C. § 1391(b)(1), (c)(2) and (d).

## SUBSTANTIVE ALLEGATIONS REGARDING CLAIMS

**SMI Indebtedness, Lane Guaranty And Security Interests**

13.

On or about December 12, 2012, Whitney Bank made a loan, extension of credit or other credit accommodation for business or commercial purposes to or for the benefit of SMI.  To evidence its indebtedness for that loan, extension of credit or other credit accommodation, SMI executed a *Promissory Note* dated December 12, 2012 and payable to the order of Whitney Bank in the principal amount of $1,000,000.00 (the "**December 2012 Note**").  The stated maturity date of the December 2012 Note was December 12, 2013.

14.

To secure repayment of all SMI indebtedness to Whitney Bank, including without limitation the December 2012 Note, SMI executed and furnished a *Commercial Security Agreement* dated December 12, 2012 ("**Security Agreement No. 1**") and granting to Whitney Bank a security interest ("**Security Interest No. 1**") in certain SMI assets (the "**Collateral**") including the following:

- "All Accounts, whether any of the foregoing is owned now or acquired later, all accessions, additions, replacements, and substitutions relating to any of the foregoing, all records of any kind relating ot any of the foregoing, all proceeds relating to any of the foregoing (including insurance, chattel paper and accounts proceeds) and all related general intangibles"

- "[A]ny and all of [SMI's] present and future accounts, accounts receivable, other receivables, contract rights, instruments, documents, notes, and all other similar obligations and indebtedness that may now and in the future be owed to or held by [SMI] from whatever source arising, and all monies and proceeds payable thereunder, and all of [SMI's] rights

and remedies to collect and enforce payment and performance therof, as well as to endorse any guaranties of the foregoing and security therefor, and all of [SMI's] present and future rights, title and interest in and with respect to the goods, services, and other property that may give rise to or that may secured any of the foregoing, including without limitation [SMI's] insurance rights with regard thereto, and all present and future generatl intangibles of [SMI] in any way related or pertaining to any of the foregoing, including without limitation Grantor's account ledgers, books, records, files, computer disks and software, and all rights that [SMI] may have with regard thereto."

A true and correct copy of Security Agreement No. 1 is attached hereto as Exhibit "A".  Security Interest No. 1 is and remains perfected as evidenced by a *UCC Financing Statement* showing SMI as the Debtor and Whitney Bank as the Secured Party and filed on January 9, 2013 as #09-1197794 in the official UCC records of Caddo Parish, Louisiana (the "**UCC Financing Statement**"; a true and correct copy of the UCC Financing Statement is attached hereto as Exhibit "B".

15.

As early as December 12, 2012 Lane was, and as of the date of filing of this complaint Lane remains, a director, officer, shareholder or owner of SMI.

16.

By his execution, and furnishing to Whitney Bank of a *Commercial Guaranty* dated December 12, 2012 and executed by Lane in favor of Whitney Bank (the "**Lane Guaranty**"), a true and correct copy of which instrument is attached hereto as Exhibit "C", Lane guaranteed all indebtedness then owed or to become owed by SMI to Whitney Bank.

17.

On or about December 5, 2013, the December 2012 Note was renewed without novation as evidenced by a *Promissory Note* dated December 5, 2013 and executed by SMI payable to the order of Whitney Bank in the principal amount of $1,000,000.00 (the "**December 2013 Note**").

The stated maturity date of the December 2013 Note was December 12, 2014.

18.

On or about August 12, 2014, Whitney Bank increased the amount of the then-existing loan, extension of credit or other credit accommodation for business or commercial purposes to or for the benefit of SMI, thereby increasing the indebtedness otherwise described in the December 2013 Note and causing a renewal, without novation, of the December 2013 Note, as evidenced by a *Promissory Note* dated August 12, 2014 and executed by SMI payable to the order of Whitney Bank in the principal amount of $1,500,000.00 (the "**August 2014 Note**"). The stated maturity date of the August 2014 Note was July 31, 2015.

19.

To secure repayment of all SMI indebtedness to Whitney Bank, including without limitation the August 2014 Note, SMI executed and furnished a *Commercial Security Agreement* dated August 12, 2014 ("**Security Agreement No. 2**") and granting to Whitney Bank a security interest ("**Security Interest No. 2**") in certain SMI assets, *i.e.*, the Collateral.  A true and correct copy of Security Agreement No. 2 is attached hereto as Exhibit "D".  Security Interest No. 2 is and remains perfected as evidenced by the UCC Financing Statement, a true and correct copy of which document is attached hereto as Exhibit "B".

20.

On or about June 22, 2015, the August 2014 Note was renewed, without novation, as evidenced by a *Promissory Note* dated June 22, 2015 and executed by SMI payable to the order of Whitney Bank in the principal amount of $1,500,000.00 ("**SMI Note No. 1**").  A true and correct copy of SMI Note No. 1 is attached hereto as Exhibit "E".  The stated maturity date of SMI Note No. 1 is July 31, 2016.

21.

The repayment of the SMI Indebtedness, including but not limited to SMI Note No. 1, is and remains secured by Security Agreement No. 1 and Security Agreement No. 2.

22.

On or about April 3, 2015, Whitney Bank made another loan, extension of credit or other credit accommodation for business or commercial purposes to or for the benefit of SMI.  To evidence its indebtedness for that loan, extension of credit or other credit accommodation, SMI executed a *Promissory Note* dated April 3, 2015 and payable to the order of Whitney Bank in the principal amount of $900,000.00.  The original maturity of that promissory note was extended by an *Allonge* dated April 4, 2016 executed by and between SMI and Whitney Bank.  The promissory note and the allonge are herein collectively referred to as "**SMI Note No. 2**".  A true and correct copy of SMI Note No. 2 is attached hereto as Exhibit "F.  The stated maturity date, as extended, of SMI Note No. 2 is July 3, 2016.

23.

To secure repayment of the SMI Indebtedness, including without limitation SMI Note No. 2, SMI executed and furnished a *Commercial Security Agreement* dated April 3, 2015 ("**Security Agreement No. 3**")  and granting to Whitney Bank a security interest ("**Security Interest No. 3**") in certain SMI assets, *i.e.*, the Collateral.  A true and correct copy of Security Agreement No. 3 is attached hereto as Exhibit "G".  Security Interest No. 3 is and remains perfected as evidenced by the UCC Financing Statement, a true and correct copy of which document is attached hereto as Exhibit "B".

24.

SMI Note No. 1 and SMI Note No. 2 are herein collectively referred to as the "**SMI Promissory Notes**".

25.

Whitney Bank remains the holder of the SMI Promissory Notes and the holder and beneficiary of the Lane Guaranty.

**Maturity Of SMI Promissory Notes And Default**

26.

As of August 1, 2016, both of the SMI Promissory Notes had matured per their terms. Whitney Bank has not agreed to any extension of the maturity of the SMI Promissory Notes nor has Whitney Bank entered into any forbearance agreement with SMI or with Lane. Consequently, the obligations of SMI and Lane to repay the SMI Indebtedness to Whitney Bank went into default and, as of the date of filing of this complaint, remain in default.

27.

Whitney Bank subsequently made demand on SMI and Lane for full payment of all sums overdue and owing on the SMI Promissory Notes, and pursuant to the Lane Guaranty, through correspondence from counsel for Whitney Bank dated August 18, 2016 and addressed to SMI and Lane (the "**Demand Letter**").   The Demand Letter advised the Obligors that the SMI Indebtedness was in default.  A true and correct copy of the Demand Letter is attached hereto as Exhibit "H".

4521030_2

**Judgment Amounts Sought In Complaint**

28.

Due to the maturity of the SMI Promissory Notes, and the default of SMI and Lane, and as further stated in the Demand Letter, SMI and Lane are liable, solidarily with each other, to Whitney Bank.

29.

After accounting for all payments and credits, the amounts currently owed by and due from SMI and Lane on SMI Note No. 1 are as follows:

A.    Principal of $1,049,095.77;

B.    Accrued interest as of October 6, 2016 in the amount of $12,934.11;

C.    *Per diem* interest to run at the default contract rate of 21.00% per annum starting October 7, 2016 until the principal amount is paid in full; and

D.    All contractual attorney fees and other costs and expenses as set forth in and allowed by SMI Note No. 1 and the Lane Guaranty.

30.

After accounting for all payments and credits, the amounts currently owed by and due from SMI and Lane on SMI Note No. 2 are as follows:

A.    Principal of $157,477.20;

B.    Accrued interest as of October 6, 2016 in the amount of $5,212.10;

C.    *Per diem* interest to run at the default contract rate of 21.00% per annum starting October 7, 2016 until the principal amount is paid in full; and

- 9 -

D.      All contractual attorney fees and other costs and expenses as set forth in

and allowed by SMI Note No. 2 and the Lane Guaranty.

31.

Whitney Bank seeks recognition, maintenance and enforcement of Security Interest No. 1 as evidenced by Security Agreement No. 1, Security Interest No. 2 as evidenced by Security Agreement No. 2, and Security Interest No. 3 as evidenced by Security Agreement No. 3, for the repayment of the SMI Indebtedness inclusive of the SMI Promissory Notes.

32.

Whitney Bank expressly reserves all legal and contractual rights to pursue collection of the unpaid indebtedness evidenced by the SMI Promissory Notes from any other person or entity, to enforce any mortgage, security interest or other right or interest that secures repayment of the SMI Indebtedness in favor of Whitney Bank, and to exercise all legal and contractual rights to foreclose on or otherwise liquidate any and all collateral that exists for repayment.

WHEREFORE, Plaintiff, Whitney Bank, prays:

I.

That, with respect to SMI Note No. 1, judgment be rendered herein in favor of Plaintiff, Whitney Bank, and against Defendants, SMI Companies Global, Inc. and Vaughn S. Lane, *in solido* (*i.e.*, jointly and severally), in (a) the principal sum of $1,049,095.77, (b) accrued interest as of October 6, 2016 in the amount of $12,934.11, (c) *per diem* interest to run at the default contract rate of 21.00% per annum starting October 7, 2016 and on the principal amount until such amount is paid in full, (d) all contractual attorney fees and other costs and expenses as set forth in and allowed by the SMI Note No. 1 and the Lane Guaranty, and (e) court costs;

II.

That, with respect to SMI Note No. 2, further judgment be rendered herein in favor of Plaintiff, Whitney Bank, and against Defendants, SMI Companies Global, Inc. and Vaughn S. Lane, *in solido* (*i.e.*, jointly and severally), in (a) the principal sum of $157,477.20, (b) accrued interest as of October 6, 2016 in the amount of $5,212.10, (c) *per diem* interest to run at the default contract rate of 21.00% per annum starting October 7, 2016 and on the principal amount until such amount is paid in full, (d) all contractual attorney fees and other costs and expenses as set forth in and allowed by the SMI Note No. 2 and the Lane Guaranty, and (e) court costs;

III.

That further judgment be rendered herein in favor of Plaintiff, Whitney Bank, and against Defendant, SMI Companies Global, Inc., and for the purposes of securing repayment of the SMI Indebtedness, including without limitation the SMI Promissory Notes, recognizing and maintaining, and allowing the enforcement of, the security interest described in that certain *Commercial Security Agreement* dated December 12, 2012 and executed by SMI Companies Global, Inc. in favor of Whitney Bank and affecting and encumbering the Collateral;

IV.

That further judgment be rendered herein in favor of Plaintiff, Whitney Bank, and against Defendant, SMI Companies Global, Inc., and for the purposes of securing repayment of the SMI Indebtedness, including without limitation the SMI Promissory Notes, recognizing and maintaining, and allowing the enforcement of, the security interest described in that certain *Commercial Security Agreement* dated August 12, 2014 and executed by SMI Companies Global, Inc. in favor of Whitney Bank and affecting and encumbering the Collateral;

V.

That further judgment be rendered herein in favor of Plaintiff, Whitney Bank, and against Defendant, SMI Companies Global, Inc., and for the purposes of securing repayment of the SMI Indebtedness, including without limitation the SMI Promissory Notes, recognizing and maintaining, and allowing the enforcement of, the security interest described in that certain *Commercial Security Agreement* dated April 3, 2015 and executed by SMI Companies Global, Inc. in favor of Whitney Bank and affecting and encumbering the Collateral;

VI.

That further judgment be rendered in favor of Plaintiff, Whitney Bank, expressly reserving to Whitney Bank all legal and contractual rights to pursue collection of the unpaid indebtedness evidenced by the SMI Promissory Notes from any other person or entity, to enforce any mortgage, security interest or other right or interest that secures repayment of the SMI Indebtedness in favor of Whitney Bank, and to exercise all legal and contractual rights to foreclose on or otherwise liquidate any and all collateral that exists for repayment; and

VII.

For such other and further relief as this Court deems just and proper.

4521030_2

Respectfully submitted,


LISKOW & LEWIS


By:   s/Joseph P. Hebert
        Joseph P. Hebert
        (LA Bar #6734; TX Bar #00789095)
        Brian W. Capell
        (LA Bar #32381)
        William E. Kellner
        (LA Bar #35860)
        P. O. Box 52008
        Lafayette, Louisiana  70505-2008
        822 Harding Street
        Lafayette, Louisiana  70503
        Telephone:  (337) 232-7424
        Facsimile:  (337) 267-2399
        Email: *jphebert@liskow.com*
                *bwcapell@liskow.com*
                *wekellner@liskow.com*

Attorneys for Plaintiff, Whitney Bank