UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WHITNEY BANK | CIVIL ACTION NO. 6:16-cv-01427 |
| VERSUS | JUDGE DOHERTY |
| SMI COMPANIES GLOBAL, INC. AND VAUGHN S. LANE | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Currently pending is the motion to compel that was filed by defendants SMI Companies Global, Inc. and Vaughn S. Lane. (Rec. Doc. 39). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED IN PART and DENIED IN PART.

In this business dispute, Whitney Bank is seeking to collect amounts allegedly owed by the defendants pursuant to two promissory notes executed by SMI and guaranteed by SMI's director, officer, and shareholder, Mr. Lane. The bank is also seeking recognition of the enforceability of the bank's security interest in SMI's accounts receivables. The defendants asserted counterclaims against the bank.

The defendants propounded their second set of requests for the production of documents on October 25, 2017. The bank responded with objections and refused to produce documents responsive to certain of the requests. This motion followed.

Fed. R. Civ. P. 26(b)(1) permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Although Fed. R. Civ. P. 34(a)(1)(A) permits a party to request the production of any documents or electronically stored information, any such request must conform to the scope of discovery set forth in Rule 26(b)(1). With these rules in mind, this Court has reviewed the requests for production and now rules as follows.

SMI's Request No. 1 requested the production of all written procedures or guidelines for the bank's "Asset Based Lending Department." This Court finds this request to be relevant, reasonable, and proportional. Therefore, with regard to Request No. 1, the motion is granted.

SMI's Request No. 2 sought the production of the forbearance agreement typically used by the bank when dealing with certain types of customers. This Court finds that any agreements actually used in dealing with SMI are relevant and discoverable but any other agreements not used by the bank in its dealings with SMI are not relevant. Accordingly, with regard to Request No. 2, the motion is denied.

SMI's Request No. 3 sought a copy of all written procedure used by the bank's commercial lending department employees, credit department employees, or special assets employees applicable to any of the bank's commercial loan customers. This

Court finds Request No. 3 to be overly broad and therefore not proportional to the needs of the case. Accordingly, with regard to Request No. 3, the motion is denied.

Request No. 4 sought the production of certain specified documents that were used by certain listed bank employees "in the origination, handling, or management of the SMI Companies Global lines of credit at issue in this litigation." Because the information sought in this request is tailored to the actual transactions involving the bank and SMI and underlying this litigation, this Court finds it to be relevant and discoverable. Accordingly, with regard to Request No. 4, the motion is granted.

Request No. 6 seeks the production of job descriptions for certain listed bank employees. This Court fails to discern the relevance or importance of this request. Accordingly, with regard to Request No. 6, the motion is denied.

Request No. 7 seeks the production of certain documents that might be used by the bank in certain situations involving the release of a customer's claims against the bank. This Court fails to discern the relevance or importance of this request. Accordingly, with regard to Request No. 7, the motion is denied.

All of the other requests for production were answered and are not currently at issue.

The defendants also seek to recover expenses and fees incurred in bringing this motion. Under Rule 37(a)(5)(C), a court is not required to award attorneys' fees or

costs when a motion to compel is granted in part and denied in part. Accordingly, to the extent that the defendants' motion seeks the recovery of the fees and costs incurred in bringing this motion, the motion is denied.

Having resolved the motion on the basis of the parties' briefing, oral argument is unnecessary.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the defendants' motion to compel (Rec. Doc. 39) is GRANTED with regard to Request for Production Nos. 1 and 4, and the plaintiff shall produce all responsive documents not more than fourteen days following the date of this ruling.

IT IS FURTHER ORDERED that, in all other respects, the motion to compel (Rec. Doc. 39) is DENIED.

IT IS FURTHER ORDERED that the oral argument previously scheduled for March 22, 2018 is CANCELLED.

Signed at Lafayette, Louisiana, this 12th day of March 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE