UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WHITNEY BANK | CIVIL ACTION NO. 6:16-cv-01427 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| SMI COMPANIES GLOBAL, INC. AND VAUGHN S. LANE | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the *Daubert* motion (Rec. Doc. 44), which was filed by the plaintiff and seeks to exclude the anticipated trial testimony of the defendants' expert witness, W. Timothy Finn, II. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

In this commercial dispute, Whitney Bank is seeking to collect amounts allegedly owed by the defendants pursuant to two promissory notes executed by SMI Companies Global, Inc. and guaranteed by SMI's director, officer, and shareholder, Vaughn S. Lane. The bank is also seeking recognition of the enforceability of the bank's security interest in SMI's accounts receivables. The defendants asserted affirmative defenses and counterclaims against the bank.

In support of its motion, Whitney Bank argued that Mr. Finn's opinions are not relevant because he opined that the bank owed duties to the defendants that are not grounded in the language of the documents signed by the bank and the

defendants in connection with the bank's loans to the defendants. More particularly, Whitney Bank objects to Mr. Finn's opinion that the bank was required "to act in a commercially reasonable manner, to act fairly and in good faith, and to act in accordance with the standard of care in the banking industry." (Rec. Doc. 44-1 at 16). The bank contends that the only duties it owed to the defendants are those found in the provisions of the loan documents and those found in the Louisiana Credit Agreement Statute, La. R.S. § 6:1121 *et seq*. The bank argued that, because the duties Mr. Finn identified do not arise out of the loan documents or the cited statute, Mr. Finn's opinions are irrelevant to the issues presented in this lawsuit. The defendants argued that the duties Mr. Finn attributed to the plaintiff in his opinions are derived from the Uniform Commercial Code, particularly as codified at La. R.S. 10:1-201, 10:1-304, and 10:1-607, and are also grounded in banking industries principles with which Mr. Finn is familiar due to his years of experience in that field.

**The Applicable Standard**

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the United States Supreme Court provided the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. Both scientific and nonscientific expert testimony are subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment of whether the expert testimony is both

reliable and relevant.[1] When expert testimony is challenged under *Daubert*, the party offering the expert's testimony bears the burden of proving its reliability and relevance by a preponderance of the evidence.[2] Reliability is determined by evaluating whether the reasoning or methodology underlying the expert's testimony is scientifically valid.[3] To be relevant, the expert testimony must assist the trier of fact to understand or determine a fact in issue.[4] The relevance prong also requires the proponent of the expert testimony to demonstrate that the expert's reasoning or methodology can be properly applied to the facts at issue in the case.[5]

**Mr. Finn's Opinions are Relevant**

Whitney Bank did not challenge the reliability of Mr. Finn's opinions or the methodology by which he reached them. Whitney Bank's sole contention is that Mr. Finn's opinions are not relevant because they do not rest upon the language of the documents executed by the bank and its customer or the statute cited by the plaintiff.

---

[1] *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 583-84 (5th Cir. 2004) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993)).

[2] *Moore v. Ashland Chem. Co., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

[3] *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 352 (5th Cir. 2007).

[4] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

[5] *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).

This Court finds that Mr. Finn's opinions with regard to the standards applicable to bankers' dealings with their commercial customers are relevant, particularly concerning the affirmative defenses and counterclaims asserted by the defendants, because they will help the court to understand how the banking industry works, what acts and omissions fall within the parameters of commercially reasonable and good faith conduct on the part of bank employees, and what types of conduct by bank employees fail to meet the industry standards and the standards imposed by the UCC. Mr. Finn's opinions will likely help the court to decide disputed factual issues, particularly with regard to the affirmative defenses and counterclaim asserted by the defendants. Therefore, the motion will be denied.

However, as the litigation progresses, the relevance or reliability of Mr. Finn's opinions may again need to be addressed. Accordingly, the court will not bar the plaintiff from again asserting its objection to Mr. Finn's anticipated testimony, if appropriate, at a later stage of the litigation but not later than the time of the pretrial conference.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion seeking to exclude the testimony of the defendants' expert witness W. Timothy Finn, II (Rec. Doc. 44) is DENIED without prejudice to the right of the plaintiff to reassert the motion, if appropriate.

4

IT IS FURTHER ORDERED that the deadline for the plaintiff to reassert its objections to Mr. Finn's testimony, if appropriate, is the deadline for filing motions in limine, which will be taken up and resolved at the pretrial conference.

Signed at Lafayette, Louisiana, this 31st day of May 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE