UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WHITNEY BANK | CIVIL ACTION NO. 6:16-cv-01427 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| SMI COMPANIES GLOBAL, INC. AND VAUGHN S. LANE | BY CONSENT OF THE PARTIES |

## **ORDER**

This Court raised *sua sponte* the issue of whether J.P. Hebert, counsel for the plaintiff, Whitney Bank, should be disqualified as an advocate for his client at the trial of this matter due to the possibility that he might be a witness at trial. Based on a review of the parties' joint pretrial order, it appears to this Court that Mr. Hebert's testimony might be necessary with regard to the collection of accounts receivable and communications with the defendants and the defendants' clients after the loans at issue in the litigation were transferred to the bank's Special Assets Department, issues that are relevant to the defendants' defenses. Oral argument on the motion was held during the pretrial conference on August 10, 2018. Participating in the oral argument were Ryan Ours, counsel for the defendants, and Joseph C. Giglio, Jr. of the Liskow & Lewis law firm where he and Mr. Hebert both practice.

## **The Applicable Standard**

Rule 3.7(a) of the Louisiana Rules of Professional Conduct reads as follows: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a

necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

"Disqualification cases are governed by state and national ethical standards adopted by the court."[1] District courts deciding whether an attorney should be disqualified must apply the ethical standards of the district court, the state in which the district court sits, and the national standards adopted by the Fifth Circuit.[2] In Local Rule 83.2.4, the Western District of Louisiana adopted the Louisiana Rules of Professional Conduct as the local ethical standards. The Louisiana Rules of Professional Conduct and the ABA Model Rules are, for all relevant purposes, identical.[3]

Courts should not mechanically apply the rules of disqualification.[4] Instead, "court[s] must take into account not only the various ethical precepts adopted by the profession but also the social interests at stake."[5] "All of the facts particular to a

---

[1] *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001) (quoting *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311-12 (5th Cir. 1995) and *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992)).

[2] *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d at 266.

[3] *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d at 266.

[4] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995).

[5] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d at 1314.

case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."[6] The "lawyer-as-witness" rules are not implicated unless the lawyer is likely to be a necessary witness,[7] and a lawyer is not likely to be a necessary witness when evidence pertaining to the matter on which he is likely to testify is available from other sources.[8]

## Analysis

During oral argument, Mr. Ours explained that he considers any testimony that Mr. Hebert might give at trial as relevant but not necessary. Mr. Giglio argued that Mr. Hebert's being disqualified from representing Whitney Bank at trial due to his being asked to testify would result in a substantial hardship to the bank, even if a decision were made to disqualify Mr. Hebert before the trial starts, since Mr. Hebert has been involved with this lawsuit since it was filed. It was agreed by counsel for the parties that anything said by Mr. Hebert in letters or e-mails may be admitted into evidence, and Mr. Ours stated that he does not intend to call Mr. Hebert or anyone else to testify at trial with regard to anything that Mr. Hebert might have said orally.

---

[6] *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d at 1314.

[7] *United States v. Starnes*, 157 Fed. App'x 687, 693 (5th Cir. 2005) (quoting *United States v. Watson*, 87 F.3d 927, 932 (7th Cir. 1996)).

[8] *United States v. Starnes*, 157 Fed. App'x at 687, 693-94 (5th Cir. 2005); see also *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d at 267.

Based upon Mr. Ours's representations that he will not put on any evidence at trial with regard to anything that Mr. Hebert might have orally said to any party, this Court finds that Mr. Hebert will not be a necessary witness at trial and it is therefore not necessary to disqualify Mr. Hebert from representing Whitney Bank at the trial of this matter. However, counsel are admonished to proceed at trial with great caution. Should this issue arise again during the trial, the court will reconsider its decision in this regard. Accordingly, counsel shall be prepared to identify this issue at trial and shall immediately stop taking testimony should the issue arise so that it can be addressed and resolved quickly.

## **Conclusion**

Having carefully considered the governing law and the arguments of the parties and having been assured that Joseph P. Hebert will not be a witness at the trial of this matter,

IT IS ORDERED that Joseph P. Hebert is NOT disqualified from representing Whitney Bank during trial.

Signed at Lafayette, Louisiana, this 20th day of August, 2018

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE